KALPANA SRINIVASAN (237460)
ksrinivasan@susmangodfrey.com
KRYSTA KAUBLE PACHMAN (280951)
kpachman@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

*Attorneys for Plaintiff HomeLight, Inc.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMELIGHT, INC., | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| YOURHOME.AI, INC., KEVIN LI, | |
| Defendants. | Jury Trial Demanded |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

COMPLAINT

1.     Plaintiff HomeLight, Inc. ("Plaintiff" or "HomeLight") by its attorneys, for its complaint against defendants YourHome.AI, Inc. ("YourHome") and Kevin Li (collectively, "Defendants"), alleges as follows:

**NATURE OF THE ACTION AND ALLEGATIONS**

2.     HomeLight is a real estate referral company based in San Francisco, California, that connects customers with real estate agents using a proprietary algorithm.

3.     HomeLight's proprietary algorithm recommends agents to home sellers or buyers according to data, including sales and agent records from over 100 sources and over 30 million transactions nationwide.  The algorithm recommends agents based on, for example, price range, neighborhood, property type, experience level, and history with HomeLight clients.

4.     YourHome – a new company which launched just weeks ago by three former HomeLight employees, including Defendant Kevin Li – describes itself as a "vertically integrated AI-powered real estate agent matching service that connects home buyers and sellers with top ranked, local agents."  It claims that its smart algorithm and simple process can help users sell their homes by connecting them with local real estate agents based on the "YourHome Proprietary Algorithm©."





5. YourHome's claimed "proprietary" algorithm, however, was taken from HomeLight's proprietary and confidential technology by former HomeLight employee Defendant Li.

6. The cutting-edge technology developed by HomeLight belongs to the company and is safeguarded among the company's employees, who are bound by strict confidentiality agreements.

7. Seeking to capitalize on HomeLight's innovation, Defendant Li left the company in the past three months and has engaged in a course of conduct that reflects his intentions to misuse and improperly disclose HomeLight trade secrets. He has done so in conjunction with a former HomeLight Vice President and a former HomeLight data scientist who have also left within the past several months.

8. Li is the former Senior Manager of Strategic Partnerships at HomeLight.

9. Li is now affiliated with YourHome as its Chief Executive Officer. The former HomeLight Vice President that left within the past few months now serves as an advisor to YourHome, and the former HomeLight data scientist is now a data scientist for YourHome.



10. Li, as well as the two additional former HomeLight employees, each executed a Proprietary Information and Inventions Agreement ("PIIA") with HomeLight whereby they agreed, *inter alia*, that all business, technical and financial information they developed, learned or obtained during the course of their employment with HomeLight constituted "Proprietary Information" that they would hold in confidence and not disclose. They also agreed to return to HomeLight any items containing or embodying proprietary information.

11. Pursuant to the PIIA, Li and the other former HomeLight employees agreed "to hold in confidence and not disclose" "all Inventions and all other business, technical and financial information (including, without limitation, the identity of and information relating to customers or employees) [they] develop[ed], learn[ed] or obtain[ed] during the term of [their] employment that relate to Company or the business or demonstrably anticipated business of Company or that are received by or for Company in confidence," which under the terms of the PIIA "constitute 'Proprietary Information.'" Despite the language of the PIIA, Li not only disclosed such information, he directly incorporated HomeLight's confidential and proprietary information into YourHome's corporate materials.

12. In the month prior to his departure, Li downloaded a number of files from HomeLight containing proprietary and confidential information, apparently for the purpose of utilizing those files within YourHome.

13. Li also continues to maintain and has not returned his HomeLight laptop despite his obligations under the PIIA to "promptly return to Company all items containing or embodying Proprietary Information (including all copies)." PIIA at ¶ 4.

14. On May 5, 2020, Li sent an email from his HomeLight email account to his personal account attaching the HomeLight Marketing Agreement.

15. On May 8, 2020, Li sent an email from his HomeLight email account to his personal account saying "MessGe Ajit and reza for broker." Reza Alaghband had left HomeLight two months prior.

16. On May 9, 2020, Li downloaded documents titled ███████████ ███████ ████ ██ ██ ██ ████ █████ ██████ ████████ █████████████████████████████████████ ████████████████████

17. On May 12, 2020, Li sent an email from his HomeLight email account to his personal account saying "send Walter other deck." He then viewed a document called "Lead Generation Deck" and changed the user sharing permissions on the document so that it could be viewed outside of HomeLight. Li downloaded a number of additional documents, including NDAs, specific agreements with HomeLight partners, and advertising agreements.

18. Prior to his departure, Li set up a meeting with the heads of Cash Close, HomeLight's innovative new product, to learn about that proprietary product. In that meeting, he took extensive notes of how the product works even though Li's work in business development had nothing to do with the Cash Close product.

19. On May 28, 2020, Li informed his manager that he was going to leave the company.

20. Li then prepared a fundraising deck for YourHome that relied upon and directly incorporated HomeLight's confidential and proprietary information. For example, after accessing HomeLight's "Partnerships FY20 Pipeline," Li's fundraising deck for YourHome mentions many

of the partners in HomeLight's confidential pipeline. Li even used HomeLight's internal widget to show how he would partner with certain entities.

21. In fact, the YourHome fundraising deck lifts slides, language and even fonts and background colors directly from HomeLight's presentations, presumably in an effort to capitalize on HomeLight's fundraising success with potential partners.

**YourHome's Fundraising Deck**



**HomeLight's Presentation**



**YourHome's Fundraising Deck**

**HomeLight's Presentation**

22. YourHome's theft was so brazen it literally used the same images from HomeLight's investment deck for its own investor presentation (see images below):

23. Li additionally prepared a calculation of revenues and profits for each partner in the fundraising deck using a HomeLight calculation that was generated using HomeLight's internal system.

24. The former HomeLight Vice President who now serves as an adviser to YourHome also downloaded propriety files prior to leaving HomeLight, including files titled ▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮▮

25. Similarly, shortly before the data scientist who now works for YourHome departed from HomeLight, he viewed, edited, and changed user permissions on a number of key files so that they could be shared outside of HomeLight, including files entitled ▮▮▮▮▮

[REDACTED]

26. This former HomeLight data scientist retained his HomeLight laptop and has not returned it to HomeLight, despite having represented to HomeLight that he had "returned to the Company all property that belongs to the Company, including (without limitation) copies of documents that belong to the Company and files stored on your computer(s) that contain information belonging to the Company."

27. Defendant Li, along with the former HomeLight Vice President and the former HomeLight data scientist, used HomeLight's secret and proprietary information to directly compete with HomeLight by forming YourHome, despite the language in the PIIA each of them signed providing that they agreed not to "engage in any activity that is in any way competitive with the business or demonstrably anticipated business of [Homelight]" and not to "assist any other person or organization in competing or in preparing to compete with any business or demonstrably anticipated business of [HomeLight]."

28. Undeterred by the clear language of their contractual obligations and the direction of HomeLight, Li and the other former HomeLight employees proceeded to leave the company without returning all company materials, underscoring their plan to exploit and utilize technology that belongs to HomeLight.

**PARTIES**

29. HomeLight's principal place of business is in this District at 100 First Street, Suite 2600, San Francisco, CA 94015. HomeLight is incorporated in Delaware. Founded in 2011, HomeLight is a privately held organization that uses technology to empower people to achieve the best outcome when buying or selling real estate. The company closely safeguards its intellectual property as well as customer licensing agreements and marketing efforts.

30. YourHome's principal place of business is in this District. YourHome was formed on June 4, 2020, and is incorporated in Delaware.

31.     Kevin Li is the former Senior Manager of Strategic Partnerships at HomeLight. Li was employed by HomeLight from January 6, 2020 through May 29, 2020 and resides in this District. Li is now CEO of YourHome.

## JURISDICTION AND VENUE

32.     HomeLight alleges a cause of action arising under the Defend Trade Secrets Act of 2016. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 18 U.S.C. § 1836(b)(1).

33.     This Court has supplemental jurisdiction over the pendent state law claims under 28 U.S.C. § 1367. These claims derive from a common nucleus of operative facts and are so related that they form part of the same case or controversy.

34.     This Court has personal jurisdiction over Defendants because Defendants are located in this District and these acts have caused and are currently causing injury to Plaintiff within the District.

35.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 because Defendants reside in this District, a substantial part of the events giving rise to the claim occurred in this District, and this Court has personal jurisdiction over each of the parties as alleged throughout this complaint.

36.     Under Local Civil Rule 3-2(c), the intra-district assignment should be to the San Francisco Division. This action arises in San Francisco County because a substantial part of the events giving rise to these claims occurred in San Francisco County.

## FIRST CAUSE OF ACTION

## MISAPPROPRIATION OF TRADE SECRETS UNDER THE DEFEND TRADE SECRETS ACT OF 2016 (18 U.S.C. § 1836(b)(1))

### (Against Defendants YourHome and Li)

37.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 36 as if fully alleged herein.

38. While employed by HomeLight, Defendant Li obtained access to Plaintiff's confidential trade secret information, including information pertaining to HomeLight's innovative Cash Close product, HomeLight's proprietary buyer matching algorithm, algorithm analysis, partnerships pipeline, lead generation information, and marketing agreements. Additionally, upon information and belief, YourHome has used HomeLight's proprietary information to market YourHome to investors.

39. Upon information and belief, Li downloaded proprietary files with the specific intent to use them in a business that would compete with HomeLight and retained those files for his own benefit. He has also retained his HomeLight laptop which may contain other confidential data he accumulated during his employment.

40. Upon information and belief, YourHome also has access to the files that a former HomeLight Vice President and former HomeLight data scientist downloaded during their employment with HomeLight.

41. The trade secret information obtained by Defendants is related to Plaintiff's business, HomeLight, that is used in or intended for use in, interstate or foreign commerce.

42. As expressly acknowledged in the PIIA, Plaintiff considers these items to be confidential and proprietary trade secrets, and it has taken reasonable steps as part of its ongoing standard operating procedures to maintain the confidential nature of this information.

43. Defendants have utilized and are continuing to utilize Plaintiff's confidential, proprietary and trade secret information. In doing so, Defendants are maliciously and willfully using misappropriated confidential, proprietary, and trade secret information to their own advantage in competition with Plaintiff.

44. As a result of Defendants' misappropriation and use of the confidential, proprietary, and trade secret information, Defendants have violated the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836(b)(1).

45. As a direct and proximate result of Defendants' violation of the Defend Trade Secrets Act of 2016, Plaintiff has sustained substantial damages in an amount that will be established at trial of this matter.

46. Defendants' actions in converting and misappropriating Plaintiff's confidential, proprietary, and trade secret information for their own gain were willful, wanton, and malicious, and were taken with reckless disregard for the rights of Plaintiff.

47. Defendants' actions have caused and will continue to cause Plaintiff irreparable harm if not preliminarily and permanently enjoined.

48. Plaintiff has no adequate remedy at law.

## SECOND CAUSE OF ACTION

## MISAPPROPRIATION OF TRADE SECRETS UNDER

## CALIFORNIA'S UNIFORM TRADE SECRETS ACT (Cal. Civ. Code § 3426.1(d))

## (Against Defendants YourHome and Li)

49. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 48 as if fully alleged herein.

50. While employed by HomeLight, Li obtained access to Plaintiff's confidential trade secret information, including information pertaining to HomeLight's innovative Cash Close product, HomeLight's proprietary buyer matching algorithm, algorithm analysis, partnerships pipeline, lead generation information, and marketing agreements. Additionally, upon information and belief, YourHome has used HomeLight's proprietary information to market YourHome to investors.

51. Upon information and belief, Defendant Li downloaded proprietary files with the specific intent to use them in a business that would compete with HomeLight, and retained those files for his own benefit. Li also retained his HomeLight company computer for his own benefit.

52. Upon information and belief, YourHome also has access to the files that a former HomeLight Vice President and a former HomeLight data scientist downloaded during their employment with HomeLight.

53. As expressly acknowledged in the PIIA, Plaintiff considers these items to be confidential and proprietary trade secrets, and it has taken reasonable steps as part of its ongoing standard operating procedures to maintain the confidential nature of this information.

54. Defendants have utilized and are continuing to utilize Plaintiff's confidential, proprietary and trade secret information. In doing so, Defendants are maliciously and willfully using misappropriated confidential, proprietary, and trade secret information to their own advantage in competition with Plaintiff.

55. As a result of Defendants' misappropriation and use of the confidential, proprietary, and trade secret information, Defendants have violated the California Uniform Trade Secrets Act.

56. As a direct and proximate result of Defendants' violation of the California Uniform Trade Secrets Act, Plaintiff has sustained substantial damages in an amount that will be established at trial of this matter.

57. Defendants' actions in converting and misappropriating Plaintiff's confidential, proprietary, and trade secret information for their own gain were willful, wanton, and malicious, and were taken with reckless disregard for the rights of Plaintiff.

58. Defendants' actions have caused and will continue to cause Plaintiff irreparable harm if not preliminarily and permanently enjoined.

59. Plaintiff has no adequate remedy at law.

### THIRD CAUSE OF ACTION
### BREACH OF CONTRACT
### (Against Defendant Li)

60. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 59 as if fully alleged herein.

61. The PIIA is a binding, enforceable contract existing between Plaintiff and Defendant Li.

62. The PIIA provided that Li would not retain "anything containing any confidential information of a prior employer or other third party." It also required Li to "promptly return to Company all items containing or embodying Proprietary Information (including all copies) . . . ."

63. The PIIA also contained an agreement by Li that he would "hold in confidence and not disclose" "all Inventions and all other business, technical and financial information (including, without limitation, the identity of and information relating to customers or employees) [they]

1  develop[ed], learn[ed] or obtain[ed] during the term of [their] employment that relate to Company
2  or the business or demonstrably anticipated business of Company or that are received by or for
3  Company in confidence," which the PIAA states "constitute 'Proprietary Information.'"

4  64.  The PIIA contained an agreement on part of Defendant Li not to "engage in any
5  activity that is in any way competitive with the business or demonstrably anticipated business of
6  [Homelight]" and not to "assist any other person or organization in competing or in preparing to
7  compete with any business or demonstrably anticipated business of [HomeLight]."

8  65.  Li breached the PIIA by the conduct alleged herein.  Specifically, Li downloaded
9  significant volumes of HomeLight confidential and proprietary information in order to build and
10 launch YourHome, which competes directly with HomeLight.

11 66.  Li also has retained his HomeLight company computers in violation of his PIIA.

12 67.  Li did not return the documents to Plaintiff required to be returned under the
13 Agreement – rather, he retained Plaintiff's confidential and proprietary information.

14 68.  Upon termination and belief, Defendant Li is in possession of Plaintiff's trade secret,
15 confidential and proprietary data, and is using Plaintiff's data to gain a competitive advantage in
16 his business.

17 69.  Li's breaches of the PIIA are ongoing, and have already caused and will continue to
18 cause irreparable harm to Plaintiff if not preliminarily and permanently enjoined.

19 70.  Plaintiff has no adequate remedy at law.

20 **FOURTH CAUSE OF ACTION**
21 **CONVERSION**
22 **(Against Defendants YourHome and Li)**

23 71.  Plaintiff re-alleges and incorporates by reference paragraphs 1 through 70 as if fully
24 alleged herein.

25 72.  Defendants are in wrongful possession of Plaintiff's confidential and proprietary
26 information.

27
28

73. Defendants have wrongfully asserted dominion or control over Plaintiff's confidential and proprietary information in a manner inconsistent with Plaintiff's ownership and entitlement to such information.

74. As a direct and proximate cause of Defendants' conversion of Plaintiff's confidential and proprietary information, Plaintiff has sustained substantial damages in an amount to be determined at trial.

75. The value of Plaintiff's confidential and proprietary information is in its exclusive use by Plaintiff and its employees. By wrongfully asserting dominion or control over this information, Defendants have greatly diminished the monetary value of the information that Plaintiff has sought to protect.

## FIFTH CAUSE OF ACTION

## CALIFORNIA'S COMPUTER DATA ACCESS AND FRAUD ACT

### (Against Defendant Li)

76. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 75 as if fully alleged herein.

77. Defendant Li has violated California Penal Code § 502(c)(2) by knowingly and fraudulently, and without permission, accessing, taking, copying, and making use of programs, data, and files from Plaintiff's computers, computer systems, and/or computer networks.

78. Plaintiff owns certain data that comprises information obtained by Li as alleged above.

79. As a direct and proximate result of Li's unlawful conduct within the meaning of California Penal Code § 502, Li has caused damage to Plaintiff in an amount to be proven at trial. Plaintiff is also entitled to recover its reasonable attorneys' fees pursuant to California Penal Code § 502(e).

## SIXTH CAUSE OF ACTION

### INJUNCTIVE RELIEF

### (Against Defendants YourHome and Li)

80. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 79 as if fully alleged herein.

81. Defendant Li's refusal to satisfy his obligations under the PIIA has had, and will continue to have, an immediate and adverse effect on HomeLight's business.

82. Defendant Li's refusal to return his HomeLight documents and equipment has had, and will continue to have, an immediate and adverse effect on HomeLight's business.

83. Additionally, upon information and belief, YourHome's use of HomeLight's confidential information to market YourHome to potential investors and to build competing models has had, and will continue to have, an immediate and adverse effect on HomeLight's business.

84. Absent an injunction from this Court, Plaintiff is at risk that Defendants will continue to disclose HomeLight's trade secrets to the competitive marketplace and/or to HomeLight's competitors, to HomeLight's disadvantage.

85. Plaintiff has no adequate remedy at law to protect it from Defendants' continued misappropriation of trade secrets, and subsequent monetary relief would be inadequate to make Plaintiff whole.

86. The public interest favors an injunction enforcing contractual terms agreed upon among parties.

87. The issuance of the requested injunctive relief would have little, if any adverse effect on Defendants. Defendants would merely be required to honor their lawfully incurred obligations.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for judgment in favor against Defendants for the following relief:

A. Preliminary and permanent injunctive relief forcing Li and any former employees of HomeLight now at YourHome to comply with all terms of the

PIIA including an injunction prohibiting Defendants from retaining any HomeLight confidential materials;

B. Preliminary and permanent injunctive relief prohibiting Li and any former employees of HomeLight now at YourHome from using HomeLight confidential materials;

C. For its actual damages;

D. For its general, incidental, and consequential damages;

E. Exemplary damages;

F. For prejudgment and post-judgment interest;

G. For its reasonable attorneys' fees;

H. For costs of suit incurred;

I. For any and all other relief, at law or in equity, to which Plaintiff may be entitled.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial.

Dated: August 7, 2020

KALPANA SRINIVASAN
KRYSTA KAUBLE PACHMAN
SUSMAN GODFREY L.L.P.


BY:  */s/ Kalpana Srinivasan*
         Kalpana Srinivasan

*Attorneys for Plaintiff*